JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50451 | **DATE** | 12/30/2004 |
| **CASE TITLE** | Weilburg vs. Meyers | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons stated on the reverse memorandum opinion and order, the court denies the petition for writ of habeas corpus and the request for an evidentiary hearing and dismisses this cause in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| X | Notices mailed by judge's staff. | | 1-3-05 date docketed | |
| | Notified counsel by telephone. | | | 35 |
| | Docketing to mail notices. | | | |
| X | Mail AO 450 form. | | docketing deputy initials | |
| X | Copy to judge/magistrate judge. | | 1-3-05 date mailed notice | |
| LC | courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Daro Weilburg, a state prisoner, filed a pro se petition pursuant to 28 U.S.C. § 2254 which has been amended by appointed counsel. The essence of Weilburg's § 2254 claims is that he is asking this court to "dismiss his state court case" on the bases that the State of Illinois violated his rights under the Interstate Agreement on Detainers (IAD), the Uniform Criminal Extradition Act (UCEA), and federal due process when it sought his extradition from Arizona for the offense of bail bond violation. More specifically, Weilburg contends either that the underlying indictment for the offense which ultimately gave rise to his bail bond offense was actually for the offense of theft whereas the offense identified in the extradition papers was burglary or that the underlying indictment was improperly amended by an assistant state's attorney who allegedly changed the charged offense in the indictment from burglary (Class 2 felony) to theft (Class 2 felony) without any authority to do so. Pursuant to this court's order, Weilburg and the State have filed supplemental briefs addressing the issue, under Reed v. Farley, 512 U.S. 339 (1994), of whether Weilburg's claims identify either a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure.

Weilburg was originally indicted for the offense of theft. After he failed to appear while out on bail, the State obtained an indictment for bail bond violation based on the offense of burglary. The State subsequently sought his extradition from the State of Arizona based on the bail bond offense. For some reason, the indictment included with the extradition papers stated that the underlying offense was for burglary rather than theft but the word indictment had a line drawn through it and the word theft had been written in.

Weilburg objected to the extradition in state court in Arizona, eventually filing an appeal with the Arizona Court of Appeals. During the pendency of that appeal, Arizona extradited Weilburg to Illinois. The Arizona appellate court dismissed the appeal as moot because Weilburg was no longer in Arizona.

Following Weilburg's return to Illinois, the State obtained a superseding indictment for bail bond violation based on the underlying offense of theft. Weilburg was found guilty by a jury of the bail bond violation and sentenced to a term of imprisonment.

During the pendency of his state court prosecution for bail bond violation, Weilburg filed this habeas corpus action. This court dismissed the case pursuant to Rule 4 of the Rules Governing § 2254 Cases, and the Seventh Circuit Court of Appeals vacated and remanded.

Welburg's claim based on federal due process is denied. The manner or method in which a fleeing felon is brought to trial from an asylum state does not impair the power of the requesting state to prosecute and convict him. Frisbie v. Collins, 342 U.S. 519, 522 (1952); United States v. Mitchell, 957 F. 2d 465, 470 (7th Cir. 1992).

As for his claim under regarding the UCEA, a court construing the UCEA is limited to determining whether: (1) the extradition documents are regular on their face; (2) the petitioner has been charged with a crime in the demanding state; (3) the petitioner is the person named in the extradition request; and (4) the petitioner is a fugitive. Coungeris v. Sheahan, 11 F. 3d 726, 728 (7th Cir. 1993). There are several problems with Weilburg's claim. First, he asserts that Illinois violated his rights under the UCEA. The UCEA applies to the asylum state and not the receiving state. See Coungeris, 11 F. 3d at 728. Weilburg has not raised any challenge in this case to Arizona's application of the UCEA.

Second, Weilburg has not shown that he ever challenged his extradition under the UCEA in Arizona. He cannot raise a claim under federal habeas corpus where he has not shown that he exhausted his state remedies regarding that claim.

Third, he has not shown that any violation of the UCEA occurred. The only factor that arguably has any vitality is the issue of whether the extradition papers were regular on their face. Based on the factual assertions of Weilburg, they were. The fact that the actual underlying offense may have been different or even doctored is not ascertainable from looking at the documents themselves. All the state of Arizona was required to do was to make sure the papers were facially appropriate. Any inquiries beyond that were to be raised in the state that issued them, in this case Illinois.

That leaves Weilburg's claim under the IAD. The IAD is both a state and federal law. Reed v. Farley, 512 U.S 339, 347 (1994). Because a prisoner who challenges his custody on the basis of a violation of the IAD does so on non-constitutional grounds, he must show the violation qualifies as either a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed, 512 U.S at 348.

Here, Weilburg's claim boils down to the contention that the underlying indictment for the offense that gave rise to his bail bond violation was either not the actual underlying offense for which he was indicted or that it was changed by an assistant state's attorney without the authority to do so. Under either theory, his claim fails. What Weilburg ignores is that his bail bond violation was premised upon a Class 2 felony generally and not on a particular Class 2 felony offense. He does not dispute that burglary and theft as charged in his case are both Class 2 felonies. Thus, for purposes of the offense for which he was extradited, it made no difference what the specific underlying offense was so long as it was a Class 2 felony.

Under these circumstances, there was no identifiable basis for an Arizona court to have refused extradition let alone for this court to conclude that a fundamental defect resulting in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure occurred in this case. Whether the underlying indictment was inaccurate or had been improperly changed had no effect on the offense for which Illinois sought to extradite Weilburg.

For the foregoing reasons, the court denies the § 2254 petition in its entirety.